***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement dated September 20, 2000, as
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. On or about March 1, 1997, defendant-employer employed more than three (3) employees and the parties were subject to the North Carolina Workers' Compensation Act.
4. On or about March 1, 1997, an employee/employer relationship existed between Phil S. Taylor and Bridgestone/Firestone.
5. On or about March 1, 1997, Gallagher Basset Services was the carrier on the risk.
6. On or about March 1, 1997, plaintiff's average weekly wage yielded the maximum compensation rate of $512.00.
7. On or about March 1, 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in injury to his right shoulder.
8. Plaintiff returned to work for employer on or about March 20, 1998.
9. The parties entered into an Agreement for Partial Settlement and Release approved by Special Deputy Commissioner Gina E. Cammarano on April 29, 1998.
10. Plaintiff filed an I.C. Form 18M on or about December 23, 1999.
 ***********
Based upon the evidence of record, the Full Commission finds as follows
 FINDINGS OF FACT
1. At the time of the scheduled hearing before the Deputy Commissioner, plaintiff was fifty-four years old and had been employed as a first-stage tire builder for defendant-employer for approximately twenty-one years. While working for defendant-employer, on or about March 1, 1997, plaintiff sustained a compensable injury by accident, namely a right rotator cuff tear, arising out of and in the course of his employment.
2. On August 4, 1997, plaintiff was seen by Robert T. Gallagher, M.D. with complaints of right arm and shoulder pain. An MRI performed at Lenoir Memorial Hospital on August 6, 1997 revealed a rotator cuff tear and plaintiff was referred for an orthopedic evaluation.
3. On August 11, 1997, plaintiff was seen by Lawrence D. Krabill, M.D. for continued right shoulder pain. Dr. Krabill treated plaintiff with Clinoril, heat and motion exercises. Furthermore, Dr. Krabill restricted plaintiff to limited duty and referred him to an orthopedist.
4. On September 3, 1997 and October 13, 1997, plaintiff was examined by Tally E. Lassiter, Jr., M.D., an orthopaedist, who recommended surgery to repair plaintiff's right torn rotator cuff. Consequently, plaintiff's rotator cuff was surgically repaired on November 4, 1997. Thereafter, plaintiff underwent physical therapy during his recuperation and returned to work on or about March 20, 1998. On May 4, 1998, Dr. Lassiter gave plaintiff indefinite light-duty restrictions of no carrying or lifting greater than twenty to forty (20 — 40) pounds and no activities above shoulder level.
5. Thereafter, plaintiff did not return to Dr. Lassiter until June 14, 1999, which was over a year from his last visit. Plaintiff complained of right shoulder pain. Dr. Lassiter indicated that plaintiff had nearly full range of motion of both shoulders, good strength and no instability. Further, he noted a mildly positive impingement test and ordered radiographic studies. Dr. Lassiter diagnosed right shoulder strain, recommended physical therapy, prescribed Celebrex and continued plaintiff's light-duty restrictions.
6. On October 6, 2000, four months after the depositon of Dr. Lassiter, plaintiff returned to Dr. Lassiter with continued complaints for which Dr. Lassiter prescribed Vioxx, continued light-duty restrictions and requested that plaintiff return for follow up in six weeks.
7. On March 17, 1998, the parties entered into a partial settlement agreement whereby defendants accepted compensability of plaintiff's claim as of March 20, 1998. This agreement was formalized in an Agreement of Partial Settlement and Release executed by the parties on March 20, 1998 and approved by Order of Special Deputy Commissioner Gina E. Cammarano on April 29, 1998.
8. An I.C. Form 18M was forwarded to the Commission on behalf of plaintiff on December 7, 1999, which was filed within the two year time period as specified in N.C. Gen. Stat. § 97-25.1(i). By way of correspondence dated December 23, 1999 defendants denied plaintiff's request for future medical treatment.
9. Plaintiff continues to have right shoulder pain and difficulty related to his injury of March 1, 1997, his age and current job duties. Plaintiff testified that his right shoulder bothers him every day and that he has learned to live with the pain in order to continue to meet the duties of his employment. Between plaintiff's return to work in March 1998 and Dr. Lassiter's deposition on September 20, 2000, a period of two and one-half years, plaintiff only sought treatment with Dr. Lassiter on two occasions, May 4, 1998 and June 14, 1999.
10. The Form 18M filed by plaintiff includes Dr. Lassiter's statement that there is a substantial risk that plaintiff will require additional medical care resulting from his compensable injury. However, the greater weight of the evidence, including Dr. Lassiter's deposition testimony, indicates that there is not at a substantial risk that plaintiff will require future medical treatment as a result of his injury. Although Dr. Lassiter testified that plaintiff's age and job duties could cause plaintiff to have additional shoulder problems requiring additional treatment, Dr. Lassiter did not have an accurate understanding of plaintiff's job duties. Furthermore, the greater weight of the evidence indicates that the likelihood of the risk of future medical treatment falls short of the standard that the risk be substantial and related to the injury itself and not additional difficulties arising from age or activities. These difficulties are properly handled through claims for a change of condition or a new condition.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident. N.C. Gen. Stat. § 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim pursuant to N.C. Gen. Stat. § 97-25.1 for future medical expenses is, and the same shall be, hereby Denied.
2. Defendants shall bear the costs due the Commission.
This the ___ day of October 2001.
 S/_________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER